IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

CHRISTOPHER L. COPPINS,

    Plaintiff,

v.

ANDREW SAUL,

    Defendant.

CIVIL ACTION NO.: 4:19-cv-188

**O R D E R**

After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's February 9, 2021, Report and Recommendation, (doc. 19), to which plaintiff has filed objections (doc. 20). The Court **OVERRULES** plaintiff's objections and **ADOPTS** the Report and Recommendation as its opinion.

The Magistrate Judge recommended that the final determination of the Commissioner be affirmed, finding that the Administrative Law Judge's (ALJ) ruling was substantially based on the evidence presented. (Doc. 20). Plaintiff now objects, alleging that the Magistrate Judge erred in concluding that the residual functional capacity (RFC) was properly constructed to include standing for a full day and that the job of poultry eviscerator qualifies as light work under the RFC. (Doc. 20 at 7–10).

The ALJ found that plaintiff has a RFC "to perform light work as defined in 20 CFR 416.967(b) including the ability to stand and walk six hours or more of an eight hour workday and more than six hours of seated work." (Doc. 10-2 at 19–20). The Magistrate Judge concluded that the RFC was properly determined. (Doc. 19 at 5–12). Plaintiff argues that though the ALJ

claims to have given the testimony of the consultative examiner (C.E.), Dr. Livingston, "significant weight," he disregarded her recommendation that prolonged standing be limited in crafting the RFC.  (Doc. 20 at 8).

An ALJ's formulation of a RFC must be based on consideration of the complete record, not just the opinions of a single expert of physician.  20 C.F.R. § 416.945(a)(3) (the RFC is based on all the relevant evidence, including diagnoses, treatment, observations, and opinions of medical sources, as well as witness testimony); see also Chapo v. Astrue, 682 F.3d 1285, 1288 (10th Cir. 2012) ("[T]here is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question" because "the ALJ, not a physician, is charged with determining a claimant's RFC from the medical record").  It also need not include every limitation recommended by a physician, as long as it clearly reflects that such opinions and the condition of the plaintiff were considered.  Adams v. Comm'r Soc. Sec. Admin., 586 F. App'x 531, 534 (11th Cir. 2014).

The C.E. indicated in her report that plaintiff "may have difficulty with heavy lifting; prolonged sitting, standing and walking; and with repetitive bending and squatting and with crouching and climbing."  (Doc. 10-14 at 6).  In considering the report, the ALJ gave "significant weight" to the C.E.'s opinions of plaintiff's "general abilities," but limited it only to the period of her examination.  (Doc. 10-2 at 22–23).  The ALJ also noted that the report failed to provide specific limitations on plaintiff's ability to stand of long periods of time and was inconsistent with other portions of the medical record.  (Id.).  As it is clear that the ALJ considered the opinions of the C.E. in crafting the RFC and disregarded the recommended limitation based on consideration of the complete record, the Magistrate Judge did not err in determining that the RFC of light work was appropriate.

Plaintiff also objects to the Magistrate Judge's finding that the ALJ did not err in concluding that plaintiff's past relevant work as a poultry eviscerator was not precluded by the RFC of light work. "A claimant is not disabled if she is able to perform her past work either as she actually performed it or as it is generally performed in the national economy." Fries v. Comm'r Soc. Sec., 196 F. App'x. 827, 831–32 (11th Cir. 2006) (citing 20 C.F.R. § 404.1560(b)). "In evaluating the demands of a claimant's past work, an ALJ may rely on the job descriptions set forth in the Dictionary of Occupational Titles (DOT) to determine the level of the work (from sedentary to very heavy) it required, as well as the claimant's own account of the work." Williams v. Comm. Soc. Sec. Admin., 805 F. App'x. 692, 695 (11th Cir. 2020); 20 C.F.R. § 404.1560(b)(2). The ALJ may also consider the testimony of a vocational expert. 20 C.F.R. § 404.1560(b)(2) ("A vocational expert or specialist may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy.").

The ALJ made use of both of these resources in his analysis. The Dictionary of Occupational Titles categorizes the job of poultry eviscerator as light work. DOT § 525.687-074, 1991 WL 674456. During the hearing, a vocational expert (V.E.), Layne Westcott, testified that an individual with the limitations described in the ALJ's RFC would be capable of performing the job. (Doc. 10-2 at 55–56). Based on the description of the Dictionary of Occupational Titles and the testimony of the V.E., the ALJ concluded that the job of poultry eviscerator is not precluded by the RFC and, therefore, that plaintiff is capable of returning to his past job. (Id. at 26).

The V.E. also noted that the job requires a full eight hours of standing each day. (Id. at 57–58). Plaintiff relies heavily on this fact, as he contends that the RFC of light work limits prolonged periods of standing to six hours. (Doc. 20 at 9–10). The RFC as drafted, however,

3

contemplates prolonged standing for "six hours <u>or more</u>."  (Doc. 10-2 at 18–19 (emphasis added)).  As the ALJ's determination that plaintiff's past work experience of poultry eviscerator falls within the RFC was based on the record and is consistent with the Dictionary of Occupational Titles, the Magistrate Judge did not err in his findings.

Accordingly, the Court **OVERRULES** plaintiff's objections, **ADOPTS** the Report and Recommendation as its opinion, **AFFIRMS** the Commissioner's final decision, and **DIRECTS** the Clerk of Court to **CLOSE** this case and **ENTER** final judgment in favor of the Commissioner.

**SO ORDERED**, this 26th day of March, 2021.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA